| **United States District Court** | DISTRICT<br>Eastern District of Pennsylvania | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ZAVKIBEG ASHUROV | DOCKET NO. | |
| | MAGISTRATE'S CASE NO.<br>11- 1179-M | |

Complaint for violation of Title 18 United States Code § 1546.

| NAME OF JUDGE OR MAGISTRATE<br>Honorable M. Faith Angell | OFFICIAL TITLE<br>U.S. Magistrate Judge | LOCATION<br>Philadelphia, PA |
|---|---|---|
| DATE OF OFFENSE<br>April 2009 through September 2010 | PLACE OF OFFENSE<br>Trevose, PA | ADDRESS OF ACCUSED (if known)<br>3182 Amber Street, 2nd Floor<br>Philadelphia, PA 191347 |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

Between April 2009 and September 2010, defendant ZAVKIBEG ASHUROV knowingly made under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribed as true, a false statement with respect to a material fact, that is, that he was attending English as a Second Language class as a student at Custom Media Group Incorporated Computer Center/School (CMG), pursuing a full course of study at CMG, when as the defendant knew, he was not attending classes for 18 hours per week, in an application and other document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-20, Certificate of Eligibility for Non-immigrant (F-1) Student Status--For Academic and Language Students, in violation of Title 18, United States Code, Section 1546(a).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT (official title)<br>Daniel G. Henkel |
|---|---|
| | OFFICIAL TITLE<br>Special Agent, ICE |

Sworn to before me and subscribed in my presence

SIGNATURE OF MAGISTRATE (1)

Honorable M. Faith Angell, U.S. Magistrate Judge

DATE 8/23/11

1) See Federal Rules of Criminal Procedure rules 3 and 54.

## AFFIDAVIT

I, Daniel G. Henkel, being duly sworn, hereby depose and state:

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and have been so employed for over nineteen years. I have been enforcing the Immigration and Nationality Act (INA) first as a SA with the Immigration and Naturalization Service (INS) and now with ICE.

2. I have been investigating the activities of ZAVKIBEG ASHUROV, a native and citizen of Tajikistan, who last entered the United States as a non-immigrant alien visitor with a B-2 Visa on or about October 27, 2007, at New York City, New York, and who later converted his status to that of an F-1 Student in the US to study English as a Second Language at the CMG School.

3. Zavkibeg ASHUROV, is further identified as:
    a) Assigned Tajik Passport #T250991,
    b) Date of birth of March 23, 1982,
    c) Alien file number A200687821
    d) US-VISIT Fingerprint Identification Number (FIN): 1065598277
    e) SEVIS Number N0005193600

4. As set forth in more detail below, there is probable cause to believe that ZAVKIBEG ASHUROV has violated Title 18, United States Code, Section 1546 (Fraud and Misuse of Visas, Permits and Other Documents).

5. The information contained in this affidavit is based upon my personal knowledge of this investigation, and information that I have obtained from my conversations with other FBI agents, other law enforcement officers, and interviews with witnesses, including:

    a. Oral and written reports about this investigation which I either authored or received from law enforcement officers;

    b. Interviews of the witnesses indicated herein;

    c. My review and examination of documents and physical evidence obtained through seizure following the execution of a federal search warrant on September 8, 2010 at the CMG School, or through methods described herein;

    d. Physical surveillance conducted by federal agents, including myself;

    e. My discussions with other law enforcement agents, including federal and state officials.

1

6. Because this affidavit is being submitted for the limited purpose of enabling this court to make a judicial determination of probable cause to issue an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the legal basis for the issuance of an arrest warrant.

## Background regarding Student Visas

7. The Department of Homeland Security (DHS) is an agency of the executive branch of the government of the United States. DHS has jurisdiction over the adjudication of applications for immigration benefits that aliens [as defined in 8 USC, Section 1101 (a)] submit to seek lawful status and employment in the United States, including non-immigrant student visas (F-1 visas).

8. DHS has granted special approval authority to academic and language secondary institutions to admit and enroll non-immigrant alien students and to issue Forms I-20 (Certifications of Eligibility for Non-Immigrant, F-1, Student Status for Academic and Language Students) directly to non-immigrant alien students who wish to enter or remain in the United States as full time students. The institutions, through their Primary Designated School Officials (PDSO, also known as DSO) first obtain DHS approval for their special authority by filing a Form I-17 application.

9. The PDSO or DSO must first sign a Form I-20 issued to non-immigrant alien students applying for admission to an academic or language school such as the CMG School, and as stated on the I-20, the student and the school agree that they will comply with all federal regulations, including the regulations governing attendance requirements for non-immigrant aliens in the United States, and report violations of those attendance requirements to DHS.

10. Once the DHS approved institution issues a Form I-20 to a non-immigrant alien wishing to enter and/or remain in the United States as a full time student, the non-immigrant alien presents himself, along with the Form I-20, and supporting financial documents to a United States consulate abroad and applies for an F-1 Student Visa. After the non-immigrant alien is issued the F-1 Student Visa at the consulate, he then presents himself at a port of entry to the United States to seek admission as a non-immigrant student for "duration of status."

11. Alternately, a non-immigrant who is currently in the United States and has entered the United States lawfully and maintains his/her lawful status under another non-immigrant category other than an F-1 Student Visa (i.e. a B-2 "Visitors" Visa), may then obtain an adjustment or change of that status to that of an Student with F-1 Visa Status through proof of financial means to support himself and pay for tuition, as well as the receipt of an original Form I-20 from the PDSO at the School where they have been accepted to study. The non-immigrant alien then submits an application known as a Form I-539/Application to Change of Non-immigrant Status to United States Citizenship and Immigration Services (CIS), a branch of the Department of Homeland Security. Upon the alien's receipt of the approval of the form I-539 by CIS for the Change of Status to F-1 Student, the non-immigrant student will then be allowed to remain in the United States as student for "duration of status" as a student.

12.     "Duration of Status" is defined by Federal Regulations as the time during which an F-1 Student is pursuing a "Full Course of Study" at a DHS approved school for non-immigrant alien students, as defined in 8 C.F.R. § 214.2 (f).

13.     A "Full Course of Study" for English as a Second Language (ESL) students is defined in regulations as at least eighteen (18) hours of class attendance per week, as defined in 8 CFR § 214.2 (f)(6)(i)(D).

14.     All ESL students are required by their agreement and signature on their DHS Form I-20, as non-immigrant aliens in the United States to ensure that they are complying with federal regulations, including the regulations requiring students to attend at least eighteen (18) hours of classes per week.

**Defendant's Actions**

15.     CMG Computer Center has been identified in the DHS national computer tracking system known as the "Student and Exchange Visitor Information System" (SEVIS) under the assigned SEVIS School code: PHI214F00799000, and was authorized to provide ESL classes to approved non-immigrant alien students in the US.

16.     On or about April 10, 2008, CMG Computer Center (CMG), located at 371 Street Road, in Trevose, Pennsylvania, assigned and created a SEVIS identification number for ASHUROV under SEVIS Number N0005193600, as a means of tracking his educational progress, residence, status, and identity in the United States as a student attending the CMG School, and issued ASHUROV a Form I-20, which allowed him to remain and study as an ESL Student for the duration of his status as a student at CMG.

17.     On or about April 15, 2008, ASHUROV applied for an adjustment of his non-immigrant alien status. ASHUROV did so by submitting a DHS Form I-539, and requested that his status be changed from that of a B-2 Visitor to an F-1 Student claiming that he would be attending the English as a Second Language (ESL) program at the CMG.

18.     On or about June 12 or 13, 2008, Citizenship and Immigration Services (CIS), an agency of DHS, approved ASHUROV's Form I-539, for Change of Status (COS) to that of an F-1 Student to allow him to attend CMG.

19.     The DHS Form I-20 filed with DHS for ASHUROV for the first time on or about April 10, 2008, and then renewed by ASHUROV and the PDSO-CMG on the subsequent dates of April 15, 2009, and April 22, 2010, certified that ASHUROV was a student attending CMG. The multiple DHS Forms I-20 for ASHUROV, issued by the CMG PDSO and signed by ASHUROV, certify that ASHUROV is a non-immigrant alien student who (1) is a, or is expected to be a, "bona fide" student; (2) meets admission requirements; (3) will pursue a full course of study of no less than 18 hours a week; and (4) has provided proof that the

non-immigrant alien student will have the necessary funds to live and study in the United States without working illegally or suffering from poverty.

20.    On September 8, 2010, ICE and FBI Agents served a federal search warrant on the CMG School premises and seized numerous items, including the student records of the current and past CMG students, including class attendance records for those students. A review of those records shows that ASHUROV only appeared at class on twelve (12) occasions during the period from September 2009 through September 2010. Almost all of ASHUROV'S attendance was in 2009, and he never attended the required 18 hours of classes per week at the CMG School at any time. The seized attendance records reveal that, for many months, ASHUROV failed to appear at all. And during the months of July and August 2010, ASHUROV was not found on any attendance records seized at the CMG School.

21.    During the period from September 2009 thru September 2010, the CMG School was under surveillance by this writer and other federal agents, and at no time during that surveillance was ASHUROV observed at or near the CMG School.

22.    On or about September 21, 2010, ASHUROV was terminated from SEVIS by the PDSO at CMG for failure to appear for classes.

23.    Since the time of that termination, ASHUROV has not been granted any status in the United States by the Department of Homeland Security, and has remained in the United States without the permission of the Department of Homeland Security.

24.    A review of the items seized from the CMG School included years of accounting and payment records, including ASHUROV'S three years of applications and regular monthly payments. The accounting records show that ASHUROV regularly made tuition payments to CMG, and repeatedly failed to appear for his ESL classes.

25.    On August 22, 2011, after being arrested for deportation proceedings, and after being advised of his Constitutional rights, ASHUROV admitted to willfully failing to attend school as required in 2010, even though he knew he was required to attend 18 hours of ESL classes per week, and admitted to not attending classes at all during 2010. ASHUROV was shown his signed agreements on each of his Forms I-20 issued to him in 2008, 2009, and 2010. ASHUROV admitted that he signed each agreement that he would comply with all the terms and conditions of his admission to the United States as a student, and that he was seeking to enter the United States temporarily for the purpose of pursuing a full course of study at the CMG School. He stated that he understood the requirements as he signed each time.

26.    Based on my training and experience, as well as the training and experience of other law enforcement agents with whom I have discussed this matter, I am aware that many foreigners who have entered the United States with non immigrant visas, in an attempt to remain in the United States beyond the authorized period, attempt to circumvent United States immigration

laws by filing fraudulent immigration applications in which they make material misrepresentations. I am further aware that there are some educational institutions that assist the efforts of some foreign students to stay in the United States and, in exchange for payment, provide false information in the SEVIS database to permit them to stay.

**Conclusion**

27. Based on the foregoing, there is probable cause for the arrest of ZAVKIBEG ASHUROV for a violation of Title 18, United States Code, Section 1546 (Fraud and Misuse of Visas, Permits and Other Documents).

_____
Daniel Henkel
Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 23rd day of August, 2011

_____
HONORABLE M. FAITH ANGELL
United States Magistrate Court

5