```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                              :
         v.                   :
                              :
ZAVKIBEG ASHUROV              :      NO. 11-533
```

MEMORANDUM

Bartle, J.                                              May 16, 2012

The court has before it the renewed motion of defendant Zavkibeg Ashurov ("Ashurov") for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.[1]

The superseding indictment charged that:

> On or about April 22, 2010, in Trevose, in the Eastern District of Pennsylvania, the defendant,
>
> **ZAVKIBEG ASHUROV**,
>
> knowingly presented a Form I-20, Certificate of Eligibility for Nonimmigrant (F-1) Student Status--For Academic and Language Students, an application and other document required by the immigration laws and regulations, which contained a false statement with respect to a material fact, that is, defendant ASHUROV stated that he would pursue a full course of study at CMG, when defendant ASHUROV knew he would not pursue a full course of study at CMG.
>
> In violation of Title 18, United States Code, Section 1546(a).

---

[1] The defendant initially made the motion during trial. The court reserved decision on it under Rule 29(b) of the Federal Rules of Criminal Procedure.

Ashurov was found guilty by a jury on March 28, 2012 of this count of knowingly presenting an immigration document containing a materially false statement under ¶ 4 of 18 U.S.C. § 1546(a),[2] which provides:

> Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact –
>
> Shall be fined ... or imprisoned ...

18 U.S.C. § 1546(a).

The government presented evidence that Ashurov, a non-citizen of the United States, knowingly made materially false statements in a document required under the immigration laws or regulations, that is an I-20 form, that he intended to pursue a full course of study at the CMG Computer Center in Trevose, Pennsylvania. The completion of an I-20 form is necessary to enable full-time students to obtain visas to study at schools in the United States. On April 22, 2010 Ashurov signed the I-20 form under the following paragraph:

> Student Certification: I have read and agreed to comply with the terms and conditions of my admission and those of any extension of stay as specified on page 2. I certify that all

---

2. Ashurov was acquitted of another count under 18 U.S.C. § 1546(a) involving an I-20 form signed in April 2009.

> information provided on this form refers
> specifically to me and is true and correct to
> the best of my knowledge.  I certify that I
> seek to enter or remain in the United States
> temporarily, and solely for the purpose of
> pursuing a full course of study at the school
> named on page 1 of this form.  I also
> authorize the named school to release any
> information from my records which is needed
> by the INS pursuant to 8 CFR 214.3(g) to
> determine my nonimmigrant status.

The government introduced evidence that Ashurov's attendance at the CMG Computer Center after he signed the form was sparse and that he did not attend the required 18 hours of class per week for a twelve-month term to qualify for full-time study.  The proof also established that Ashurov was working instead of attending class during this time.  The evidence was sufficient for the jury to find beyond a reasonable doubt that Ashurov knowingly made a materially false statement on the I-20 form that he intended to pursue a full course of study at CMG Computer Center.

Ashurov, however, argues that paragraph 4 of § 1546(a) makes a person's conduct criminal only if he signed the I-20 form under oath, or as permitted under penalty of perjury under 28 U.S.C. § 1746.[3]  It is conceded that Ashurov did not make any

---

3. The text of 28 U.S.C. § 1746, referenced in § 1546(a), provides:  Wherever, under any law of the United States... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same... such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under
(continued...)

statement under oath and did not sign the I-20 form "under penalty of perjury."  He merely placed his signature below the following:  "I have read and agreed to comply with the terms and conditions of my admission.... I certify that all information provided on this form is true and correct to the best of my knowledge...."  Accordingly, Ashurov maintains he is entitled to a judgment of acquittal.

The government counters that § 1546(a) makes it a crime for Ashurov knowingly to have presented a materially false I-20 form without any requirement that he have signed the form under oath or under penalty of perjury.  The court charged the jury in accordance with the government's view of the law.  Paragraph 39 of the charge read:

> In order to sustain its burden of proof for this crime of fraud, the government must prove the following three (3) elements beyond a reasonable doubt:  (A) the defendant made a false statement in a document required by immigration laws or regulations; (B) the defendant knowingly presented the false statement; and (C) the statement in the document was false as to a material fact."

The defendant did not contest the charge as far as it went.  He simply objected on the ground that it omitted an additional element that the jury could not convict unless Ashurov signed the I-20 form under oath or under the penalty of perjury.  Whether

---

3.(...continued)
penalty of perjury, and dated, in substantially the following form.... "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).  (Signature)."

-4-

the government or the defendant is correct under the law is the narrow issue before the court.

In all statutory construction cases, the court must begin with the language of the statute. Barnhart v. Sigmon Coal Co., 534 U.S. 438, 450 (2002).  "The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.  The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent."  Id. (internal quotations omitted).

The first part of the fourth paragraph of § 1546(a) clearly limits criminal liability to an individual who "knowingly makes under oath, or as permitted under penalty of perjury ... knowingly subscribes as true, any false statement with respect to a material fact in any application ... or other document required by the immigration laws or regulations ...."  The second part of that paragraph is in the disjunctive and prescribes criminal liability for anyone who "knowingly presents" any "such application ... or other document" containing "any such false statement."  (Emphasis added.)  Such as used in this context is an adjective and means "of the character, quality, or extent previously indicated or implied."  Webster's Ninth New Collegiate Dictionary.  Consequently, we must determine to what antecedent or antecedents such refers in the two places it is used.  To do so we must look back to the references in the first part of the paragraph.

It is not disputed that "such application or other document" means an application or document required under the immigration laws.  As to the <u>such</u> in the phrase "any such false statement," it is plain in our view that it refers back to two antecedents in the first part of the fourth paragraph of § 1546(a).  One requires that the false statement must be "with respect to a material fact" and the second that the false statement must be made under oath or under penalty of perjury.  We see no rational basis for reading any differently the presentment part of § 1546(a).  It appears arbitrary to construe the words "any such false statement" to mean that it must only contain a material fact but not to mean that the statement must also be made under oath or under penalty of perjury.  Since the government acknowledges that it produced no proof of the latter element, the defendant is entitled to a judgment of acquittal.

If the statute is somehow deemed to be ambiguous as to whether "any such false statement" has one or two antecedent modifiers, the rule of lenity must then be applied in favor of the defendant.  <u>See</u> <u>United States v. Lanier</u>, 520 U.S. 259, 266 (1997).  Again, the defendant under this reading of § 1546(a) is entitled to a judgment of acquittal.

The government cites, in support of the court's jury instruction, <u>U.S. v. Khalje</u>, 658 F.2d 90 (2d Cir. 1981).  In that case, the defendant was convicted under the fourth paragraph of § 1546(a) of false personation and presentation of a visa application containing a false statement to the American

Consulate in Montreal.  On appeal, defendant argued that § 1546 was inapplicable since the allegedly false statement he presented was not made under oath or under penalty of perjury.  The Court of Appeals rejected his argument.  It concluded that "the phrase 'any such false statement' in the presentment portion ... referr[ed] back only to the phrase 'any false statement with respect to a material fact.'"  Khalje, 658 F.2d at 92.  The court reasoned:

> This construction carries out the apparent Congressional purpose of penalizing both those who swear to materially false statements in visa applications and those who present materially false statements in such applications, whether or not the latter swear to such statements.  We can see no reason why Congress would have prohibited presentment of materially false statements only when such statements were made under oath, either by the presenter or by a third party.  The requirement of a knowing presentment assures that the presenter is liable only when he knows the statement is false.

We are not persuaded by this analysis.  The court makes no attempt to discuss the meaning or construction of the words used in the relevant paragraph of § 1546(a).  It makes no effort to explain, based on the statutory language, why it finds one antecedent is applicable to "any such false statement" but excludes the other.  Rather, the court merely reaches its conclusion based on its inability to find any reason why Congress would have acted contrary to the gloss the court puts on it.

In our view, the proper focus is on what Congress said when, as here, a plain reading of the statute does not present

"odd" or "absurd results" or a construction that is "inconsistent with Congress' intention."  See Public Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 454 (1989) (internal quotations omitted). Nor is a plain reading of the statute "contrary to common sense." Chamber of Commerce of the United States v. Whiting, 131 S. Ct. 1968, 1979 (2011).  As Justice Holmes stated in McBoyle v. United States, 283 U.S. 25, 27 (1931), a statute should not be construed "upon the speculation that, if the legislature had thought of it, very likely broader words would have been used."

The government also cites United States v. Archer, 671 F.3d 149 (2d Cir. 2011).  This case is inapposite.  There, the defendant, an immigration lawyer, was convicted of presenting false I-687 legalization applications on behalf of his clients under 18 U.S.C. § 1546(a).  Id. at 154.  The only issue concerning the jury instructions raised on appeal was defendant's contention that the district court erred in its charge concerning the element of acting "knowingly."  Id. at 153.  This is not an issue here.

The Court of Appeals in its opinion did recite the five elements of visa fraud as charged in the district court.  Id. at 154.  These elements were that "the defendant (1) knowingly (2) presented (3) an application or 'document required by the immigration laws' (4) that contained a false statement (5) as to a material fact."  Id.  We acknowledge that the charge, which was the subject of appeal only on the issue of "knowingly," did not include the element that the I-687 applications had to have

been signed by the clients under oath or under penalty of perjury.  Nonetheless, it appears from an independent review of an I-687 form that the clients were required to sign them under penalty of perjury so that this omission from the charge was not of concern in Archer.  While the defendant had simply to certify that he prepared the form for signature "based on all the information of which I have knowledge," the government charged him with knowingly presenting the false statements contained in applications on behalf of his clients which they certified "under penalty of perjury."

It is true that Irina Tkhir, the CMG school administrator, had signed a part of the I-20 form in this case under penalty of perjury, specifically that the information contained in paragraphs one through nine of the form was true and correct.  However, unlike Archer, the government did not charge or present any evidence that Ashurov prepared the part of the I-20 form signed by the school administrator.  Nor did the government charge or present evidence that Ashurov knowingly presented any false statement made by Tkhir under penalty of perjury.[4]  Instead, it simply focused on Ashurov's false student

---

4.  Tkhir pleaded guilty to four counts of fraud under § 1546(a) in a separate indictment.  See United States v. Tkhir, No. 11-456 (E.D. Pa. Mar. 12, 2012).  These counts charged that she "knowingly made under oath, and as permitted under penalty of perjury ... knowingly subscribed as true, a false statement with respect to a material fact, that is that [an individual] would be required to pursue a full course of study at CMG, when as the defendant knew, [that individual] would not be required to pursue a full course of study at CMG, in an application and other
(continued...)

certification set forth in paragraph eleven of the I-20 form that "I seek to enter or remain in the United States temporarily, and solely for the purpose of pursuing a full course of study at the school named on page 1 of this form."  Thus, the only knowingly material false statement on which the government relied to convict Ashurov was the one made by Ashurov himself, and it was not made under oath or under penalty of perjury.  In contrast to Archer, there was simply no materially false statement made under oath or under penalty of perjury by Ashurov or anyone else which Ashurov knowingly presented.

In summary, in order for criminal liability to attach under the presentation part of the fourth paragraph of § 1546(a), a defendant must (1) knowingly (2) present (3) an application or other document required under the immigration laws or regulations (4) containing a false statement (5) made under oath or under penalty of perjury (6) with respect to a material fact.  The materially false statement which the presenter knowingly presents in an immigration document may be the statement of the presenter himself or as in Archer the statement of a third party. Nonetheless, to make out a crime there must be presented at least one statement made under oath or under penalty of perjury.  In this case, as noted above, the only statement which was the

---

4.(...continued)
document required by the immigration laws and regulations prescribed thereunder...."  However, in this case against Ashurov, the government introduced no evidence that her statements made under penalty of perjury contained any materially false statements.

subject of the superseding indictment was that of Ashurov himself in the I-20 form.  The government's proof was fatally flawed in that this statement was not made under oath or under penalty of perjury.

Accordingly, the renewed motion of defendant Zavkibeg Ashurov for judgment of acquittal will be granted.